**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 96-4619

MING YOU,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 96-4620

YU FENG LIN,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, District Judge.
(CR-95-436-DKC, CR-95-435-DKC)

Submitted: April 30, 1997

Decided: May 22, 1997

Before MURNAGHAN and HAMILTON, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Warren E. Gorman, Chevy Chase, Maryland; James K. Bredar, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellants. Lynne A. Battaglia, United States Attorney, Maury S. Epner, Assistant United States Attorney, John V. Geise, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ming You appeals his conviction by a jury of one count of aiding and abetting an interstate kidnapping for ransom in violation of 18 U.S.C. 1201(a)(1)(1994). Co-defendant Yu Feng Lin, also convicted by the jury in a joint trial, appeals his convictions of one count of aiding and abetting an interstate kidnapping for ransom and one count of conspiracy to kidnap for ransom in violation of 18 U.S.C. § 120(c) (1994). We affirm.

You first contends that the district court erred in excluding the expert testimony of defense witness Dr. Stuart Grassian. Our review of the record discloses that the trial court did not abuse its discretion in deciding to exclude Dr. Grassian's testimony. United States v. Powers, 59 F.3d 1460, 1471 (4th Cir. 1995), cert. denied, 116 S. Ct. 784 (1996). The record supports the district judge's finding that Grassian's testimony concerning how traumatic events influence perception and memory would essentially challenge the victim's credibility and therefore invade the exclusive purview of the jury. See United States v. Dorsey, 45 F.3d 809, 815 (4th Cir.), cert. denied, 115 S. Ct. 2631 (1995). Accordingly, we find no error in the court's ruling.

2

Next, both You and Lin contend that the evidence was insufficient to support their convictions. To support a conviction, "the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To sustain a conviction under the federal interstate kidnapping statute, the government must satisfy four essential elements: "(1) the transportation in interstate commerce; (2) of an unconsenting person who is; (3) held for ransom, reward or otherwise, and (4) the acts were committed knowingly and willingly." United States v. Osborne, 68 F.3d 94, 100 (5th Cir. 1995). Moreover, to support a conviction for aiding and abetting, the prosecution must show, inter alia, that the accused "`in some sort associate[d] himself with the venture, that he participate[d] in it as in something that he wishe[d] to bring about, that he [sought] by his action to make it[succeed].'" United States v. Jones, 592 F.2d 1038, 1041 (9th Cir. 1979) (quoting Nye & Nissen v. United States, 336 U.S. 613, 619 (1949)).

You contends that the prosecution presented insufficient evidence at trial to support his conviction for aiding and abetting a kidnapping for ransom because it failed to show that You knew Lau was being held for ransom or that You shared in the intent to hold Lau for ransom. See United States v. Winestead, 708 F.2d 925, 927 (4th Cir. 1983) (citations omitted). This contention is meritless, however, because while there is no direct evidence that You knew of or shared in the ransom, circumstantial evidence does indeed support the jury's verdict.*

_____

*We note that our decision in United States v. Childress, 26 F.3d 498 (4th Cir. 1994), casts doubt on whether the prosecution was required to prove the motivation of the kidnapping as an element of the offense. Id. at 502-03, n.3. We need not address that issue here, however, as the evidence was sufficient to support the jury's finding, as it was so instructed, that Defendants knew the kidnapping was for ransom and even shared in its proceeds.

3

The evidence showed that You is the brother-in-law of Lin Zhong, the apparent mastermind of the kidnapping. Co-defendant Lin, who accepted the ransom in New York, was found to have the telephone number of You's place of employment in his possession. Shortly before Lau was released, You had been in New York, where he returned after her release. You then went to Atlantic City with Zhong. Most significantly, the evidence disclosed that Lau identified You as one of three men who came down from New York and were present when the gunman unlocked her handcuffs in the apartment. You was among the four that forced her into a car and You drove her to the point of release. Lau identified You as the one who threatened her when she begged to be released. These facts amply support the jury's finding that You knew about the ransom and shared the others' intent to collect the ransom in exchange for Lau's release.

Lin also challenges the sufficiency of the evidence to support his convictions on both counts. This challenge is without merit. Lau's husband, Tin Yin Cheung, identified Lin at trial as the individual who directed him to deliver the ransom downstairs at a restaurant in New York, in accordance with instructions given by the kidnappers over the telephone. FBI agents identified Lin as the individual who left the restaurant with a distinctive white grocery bag with red lettering, like the bag containing the ransom, approximately one minute after Cheung had left the restaurant. Shortly after Lin left the restaurant with the bag, Lau was released in Virginia.

In addition, evidence showed that forty-five minutes after a kidnapper spoke on the telephone with Cheung, the same phone was used to make a call to Lin's apartment in New York. One day after the ransom was delivered, Lin made cash payment of almost $5000 to reinstate an insurance policy. In light of this evidence, Lin's contention that there was insufficient evidence to sustain his convictions is without merit.

You and Lin next maintain the district court did not adequately instruct the jury that it was required to find that they knew the kidnapping was for ransom. We review the trial court's decision concerning whether to give an instruction and as to the instruction's content for abuse of discretion. United States v. Burgos, 55 F.3d 933, 935 (4th

4

Cir. 1995) (citing United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992)).

At trial, defense counsel requested a jury instruction which specifically stated that the Government had to prove that Defendants had specific knowledge that the kidnapping involved ransom. The record reveals that the district court subsequently modified the instructions in response to this concern, making it clear that the kidnapping had to be for ransom and carefully laying out the specific mental state that the Government was required to prove beyond a reasonable doubt. Accordingly, we also reject this contention.

You next contends that the Government's use, in its final rebuttal argument, of his counsel's opening statement was inappropriate because the statement did not qualify as a clear and unambiguous admission of fact. We have held that "clear and unambiguous admission[s] of fact made by a party's attorney in an opening statement in a civil or criminal case [are] binding upon the party." United States v. Blood, 806 F.2d 1218, 1221 (4th Cir. 1986).

We find You's contention to be meritless because there is no indication that the trial judge abused her discretion in permitting the Government to treat the relevant statements as admissions. Id. Before ruling on the Government's request, the judge carefully considered the opening remarks and noted that counsel made many concessions and assertions of fact. Moreover, You's contention that the Government misled the court concerning how he would use the opening statement is without merit. The Government used the statement as proffered and argued appropriately in rebuttal to issues raised by the defense.

Lin asserts that the trial court should have granted his motion for a mistrial because of an accidental reference by an FBI agent to an arrest photograph of Lin that was used in a photo array. Our review reveals that the trial judge did not abuse her discretion in denying the motion for a mistrial. See United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994), cert. denied sub nom. Ingram v. United States, 115 S. Ct. (1995).

The record demonstrates that a few minutes after the accidental reference, the same witness identified several items recovered from Lin

5

incident to his arrest, referring to the arrest in his testimony without objection. Moreover, the remark about the photograph was immediately stricken from the record without Government objection. Accordingly, we find this challenge is also without merit.

Lin next contends that certain questions and remarks by the prosecutor deprived him of a fair trial. We find this contention meritless because the records show the questions at issue were objected to at trial and never answered by the witness. Moreover, the prosecutor's subsequent comment merely indicated that he would pursue a different line of questioning. As there is no indication that Lin suffered any prejudice whatsoever, we find this contention without merit.

Lin also maintains that the testimony of the security officer of a cellular telephone company constituted improper expert testimony. We review the trial court's ruling to admit the testimony for abuse of discretion. United States v. Boyd, 53 F.3d 631, 636 (4th Cir.), cert. denied, 116 S. Ct. 322 (1995). We are satisfied that no abuse of discretion occurred here because the security officer merely discussed how cellular telephones may be cloned and did not offer an expert opinion or conclusion. Moreover, prior witness testimony had already established that the account in question had been compromised. We therefore reject this contention.

Lin claims that the court should have granted him a reduction of his base offense level pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 because his role in the kidnapping was minor or minimal. This court has held that the defendant bears the burden of showing that he is entitled to a reduction in his base offense level. United States v. Campbell, 935 F.2d 39, 46 (4th Cir. 1991); United States v. Sharp, 927 F.2d 170, 176 (4th Cir. 1991); United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989). The district court's factual determination concerning Lin's role in the offense should only be reversed if it was clearly erroneous. Campbell , 935 F.2d at 46; Sharp, 927 F.2d at 175-76; United States v. Daughtrey , 874 F.2d 213, 219 (4th Cir. 1989).

Lin's claim lacks merit because Lin failed to show he was entitled to such a reduction and the evidence amply supported the court's decision. The court noted that while Lin's role involved collecting the

6

ransom from Cheung, there was also evidence of phone calls to Lin ahead of time which appeared, by the evidence, to involve discussions about how the ransom was to be delivered. The judge also observed that Lin was very familiar with the restaurant where the ransom was delivered and worked upstairs.

The judge further noted that evidence of a $5000 payment by Lin to an insurance company the day after the ransom was delivered showed he benefitted financially from the offense. Additionally, the judge thought it very significant that Lin was so trusted by the ring-leader that he was permitted to receive the ransom payment. (J.A. 548-49). In light of these findings, the district court's refusal to grant a downward adjustment was not clearly erroneous.

Finally, Lin maintains that the district court should have granted him a downward departure because of his nationality and because he cannot speak English. A court's refusal to grant a downward depar-ture is not subject to appellate review unless the court refused to depart based upon the erroneous belief that it did not have authority to do so. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). As that exception does not apply here, this final contention is without merit. See also U.S. Sentencing Guidelines Manual § 5H1.10 (national origin is not relevant to determination of sentence).

Accordingly, we affirm You's conviction and Lin's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7